## Ross vs. Neal.

Error to the Whitley Circuit; JOSEPH EVE, Judge.

*Error. Probable cause. Juries. New trial.*

Judge MILLS delivered the Opinion of the Court.

THIS is an action for malicious prosecution, and a verdict and judgment for the plaintiff below.

The defendant pleaded one plea, which we conceive amounts to a justification of the prosecution; as it asserts that the criminal charge, for which the plaintiff was prosecuted, was true. He also pleaded another plea, which fully amounted to a plea of probable cause for the prosecution. Both these pleas were demurred to, and were overruled as insufficient; and this is relied on as sufficient to reverse the judgment. We should have no hesitation in reversing the judgment on this ground, were it not that something else appears in the record calculated to cure, or render entirely harmless this error.

The defendant had previously pleaded two pleas, one of which in substance completely amounted to the same justification, contained in his plea of that character which was overruled; and the other contained substantially the same probable cause contained in the like plea which was overruled. To both of these previous pleas, there were general replications and issues to the country, which were tried before the jury. In addition to this, there was a plea of not guilty, under which probable cause could, according to well settled principles, have been given in evidence. If we, therefore, were to reverse the judgment, because of his two pleas of the same nature having been overruled, we should and could place him in no better situation, and his adversary in no worse, than they actually stood on the trial. We conceive it would be too technical to set aside a verdict and judgment for 'an error that could not have prejudiced the party complaining. In the term of events, he was relieved in the court below from all effects of the error upon him, and his redress for the error in that court being complete, he ought *not to have a double redress.*

CASE.

Case 93.

June 21.

Not error to the prejudice of the defendant and available here, that the court sustained a demurrer to a sufficient plea of justification, or a probable cause, filed with other pleas of the same effect on which issue was taken, and the cause tried.

Ross
vs.
Neal.

If the court had overruled the special pleas because they amounted to the general issue alone, as the party had a right to have his probable cause adjudged of by the court on a proper plea for that purpose, there might be some plausibility in contending that the judgment ought to be reversed, notwithstanding he might have availed himself of the same defence, by way of evidence under the general issue. But here even that ground is not left; for by special pleas, previously pleaded and answered, he had all the advantage that special pleas could afford him.

*Otherwise, perhaps, if the defendant had offered, with the plea that was overruled, the general issue only.*

It would have been more proper for the court below to have rejected the last pleas, as surplussage, and thus have simplified the record, instead of overruling them, on demurrer, as insufficient pleas. But as the record really is, the court, by not permitting the defendant to have the benefit of the same matter a second time, has only done an act, rightful in its result, in a wrong mode.

*Probable cause may be given in evidence or pleaded.*

The remaining error is, that there were thirteen jurors who tried the cause, and so it appears from the record.

*Where two pleas are offered of the same effect, the court may reject one as surplusage.*

It must be admitted, that twelve is the right number in such a case as this, and if there were not twelve, but a deficit in the number, it might vitiate the verdict as no verdict.

But here, the party had his twelve, and one more, and the complaint is, an excess in number, and the grounds of it must be, that the verdict was liable to be influenced by at least one more person, than the law allowed to be in the jury room, acting upon the case.

*Deficit in the number of the jury, may, it seems, be assigned for error. But—*

If this exception to the verdict had been taken in the inferior court, we have no doubt it must have vitiated the verdict. It must have been known there, and yet the party was silent and took no exception on that account. Can he be permitted to take the exception in this court for the first time? It is only an improper influence upon the verdict, of which he can complain, and that influence by one man too many, was exercised upon the real number,

*Objection that there were 13 jurors, must be made in the court below, in a motion for a new trial, and not here for the first time.*

under the sanctions of an oath, for the whole thirteen were equally sworn. Now let us suppose that it should appear from a record here, that there had been one or more persons present in the jury room as intruders, acting upon the jury, during their deliberations, and inducing them to find their verdict in a particular way, and that the party against whom the verdict was found, had taken no exceptions to the verdict in the court below on that account, would it be proper to permit him to attack the verdict here for the first time? We conceive not.

Ross
vs.
NEAL.

It ought to be taken, that he had waived the objection, and that he had supposed the presence of those intruders had done him no injury. So here it ought to be presumed that the parties waived the exception; although the record is silent on that point. For the fact must have been known and understood, by both, as well as by the court, who might have interfered, *ex officio*, if the parties, by their acquiescence, had not rendered such interference improper. On this ground, therefore, the judgment ought not to be reversed, and it is affirmed, with costs, &c.

It shall be taken that the objection was waived, for otherwise the court, *ex officio*, might have interfered, which would have been improper when the parties acquiesced.

*Triplett* for plaintiff; *Crittenden* for defendant.